**SUPERIOR COURT**
**OF THE**

**RICHARD F. STOKES**
*RESIDENT JUDGE*

**SUSSEX COUNTY COURTHOUSE**
1 THE CIRCLE, SUITE 2
TELEPHONE (302) 856-5264

September 28, 2020

Steven M. Snell
SBI# 00602921
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Steven M. Snell*, Def. ID #1807019522

Dear Mr. Snell:

Before the Court is Steven M. Snell's ("Snell") Motion for Postconviction Relief and Request for Appointment of Postconviction Counsel. For the reasons that follow, both motions are denied.

On October 11, 2019, Snell plead guilty to one count of Home Invasion, Possession of a Deadly Weapon During Commission of a Felony ("PDWDCF"), Kidnapping First, Assault of a person over 62 years of age, and two counts of Robbery First.

On November 25, 2019, the Court received Snell's first motion for postconviction relief. Snell put forth the following grounds for relief: (1) illegal use and procedure of phone tracking device, (2) conflict of interest regarding proceeding judge, and (3) invalid exhibit B probable cause warrant. For ground one, Snell asserts that the officers involved in his arrest used a phone-tracking device to locate personal cell phone location to apprehend and seize evidence without an active arrest warrant. For ground two, Snell argues that the judge who signed off on the warrant

was the same judge to preside over the suppression hearing. For ground three, Snell argues the probable cause part of the arrest warrant had the wrong date of the crime.

On January 13, 2020, Snell filed a request for counsel and added an ineffective assistance of counsel claim against his attorney Robert H. Robinson, Jr. ("Robinson"). Snell argues Robinson did not object to the same judge who signed off on the warrant presiding over the suppression hearing. Further, Snell asserts Robinson did not object to the typographical errors in the exhibit regarding the date of the crime.

Before addressing the merits of the motion, the Court must consider the procedural requirements for relief set out under Rule 61(i).[1] Rule 61(i)(1) provides "a motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[2] Snell's motion was filed within a year after entering his plea, therefore, Snell's motion is not time-barred.

Rule 61(i)(2) bars successive motions for postconviction relief.[3] This bar is also inapplicable because this is Snell's first Rule 61 motion.

Rule 61(i)(3) provides that any ground for relief that was not asserted in the proceedings leading to the judgment of conviction are procedurally barred.[4] Here, Snell raises an ineffective assistance of counsel claim, which could not have been raised in any of the prior proceedings. Snell's first ground for relief – the use of the cell phone tracking device – was raised with a motion to suppress and denied; however, Snell contends the suppression hearing warrants relief.

---

[1] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[2] Super. Ct. Crim. R. 61(i)(1).
[3] Super. Ct. Crim. R. 61(i)(2).
[4] Super. Ct. Crim. R. 61(i)(3).

Lastly, Rule 61(i)(4) provides that "any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[5] Again, Snell's ineffective assistance of counsel claim could not have been previously raised.[6]

Snell does not argue his plea was involuntary. Further, he does not contend that his counsel failed to provide him with the necessary information to enter a knowing plea. "A defendant's statements to the Court during a plea colloquy are presumed to be truthful, and pose a 'formidable barrier in any subsequent collateral proceedings.'"[7] "It is well-settled that in the absence of clear and convincing evidence to the contrary, a defendant is bound by the statements made during the plea colloquy and by his representations on the Truth-in-Sentencing Guilty Plea Form." Defendant does not argue his plea was involuntary or untruthful. "When a defendant enters a guilty plea knowingly and voluntarily, he gives up his trial rights, including the right to challenge the evidence against him. Moreover, a knowing and voluntary guilty plea waives any objection to alleged errors and defects that occur before entry of the plea, even those of a constitutional dimension."[8] Snell entered a knowing and voluntary plea; therefore, he waived any objections to alleged errors of evidence. In particular, he waived his right to attack the suppression hearing.

Snell also raises an ineffective assistance of counsel claim. "In order to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the defendant must demonstrate a reasonable probability that, but for his counsel's unprofessional errors, he would

---

[5] Super. Ct. Crim. R. 61(i)(4).
[6] Ground one – the use of the cell phone tracking device – was challenged with a motion to suppress and denied. Robinson contends, had the case gone to trial, this is an issue he would have appealed.
[7] *State v. Rogers*, 2019 WL 2153312, at *2 (Del. Super. Ct. May 15, 2019) (citing *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997)).
[8] *Id.*

not have pleaded guilty but would have insisted on proceeding to trial."[9] Snell does not assert any grounds stating he was provided ineffective assistance of counsel in connection with his plea. Moreover, Snell does not argue the plea was not thoroughly discussed with counsel.[10]

The Court must also address Snell's request for counsel to be appointed. Rule 61(e)(3) provides:

> In first postconviction motions in guilty plea cases, the judge may appoint counsel for an indigent movant's first timely postconviction motion and request for appointment of counsel if the motion seeks to set aside a judgment of conviction that resulted from a plea of guilty or nolo contendere only if the judge determines that:
> > (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable;
> > (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty or nolo contendere;
> > (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and
> > (iv) specific exceptional circumstances warrant the appointment of counsel.[11]

For the reasons previously discussed, the Court finds that Snell does not assert any grounds that would warrant this Court appointing counsel. Moreover, Rule 61(e)(1) states that the timing of the request for appointment of counsel must be contemporaneously made with the movant's postconviction motion.[12] Snell's request for counsel to be appointed came over a month following his first postconviction motion. Therefore, Snell's request for appointment of counsel is denied.

---

[9] *Foote v. State*, 38 A.3d 1254 (Del. 2012) (citing *Albury v. State*, 551 A.2d 53, 60 (Del.1988)).

[10] *See Foote v. State,* 38 A.3d at *1 ("The transcript of Foote's guilty plea colloquy reflects that he confirmed that he thoroughly discussed his plea with his attorney and was satisfied with the advice he received. In the absence of clear and convincing evidence to the contrary, Foote is bound by those representations.").

[11] Super. Ct. Crim. R. 61(e)(3).

[12] Super. Ct. Crim. R. 61(e)(1).

Considering the foregoing, both Snell's Motion for Postconviction Relief and request for counsel to be appointed are DENIED.

IT IS SO ORDERED.

Very truly yours,

Richard F. Stokes

cc: Adam D. Gelof, Esq.
    Robert H. Robinson, Jr., Esq.

FILED PROTHONOTARY SUSSEX COUNTY